UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL K. MAXWELL,

    Plaintiff,

v.                                          Case No.  4:20-cv-463-WS/MJF

BRIAN A. HIGGINS, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court on referral from the clerk of the court.[1] On October 26, 2020, this court ordered Plaintiff to pay the $400.00 fee for filing this action or submit a complete application to proceed *in forma pauperis*. (Doc. 3). The undersigned imposed a deadline of November 27, 2020, to comply. Plaintiff was warned that failure to comply with the order likely would result in dismissal of this case. (*Id*. at 2). Plaintiff did not comply with that order, and the undersigned issued an order to show cause. (Doc. 6).

In response, Plaintiff requested additional time to respond to the order to show cause. (Doc. 7). Accordingly, the undersigned extended Plaintiff's deadlines to

---

[1] The district court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

respond to the order to show cause and either pay the filing fee or submit an application to proceed *in forma pauperis*. (Doc. 8). The undersigned provided Plaintiff until March 4, 2021 to comply and warned Plaintiff that the failure to comply likely would result in dismissal. (*Id.*). Plaintiff has not complied with that order, (Doc. 4), and this case should be dismissed without prejudice. *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014) (noting that a court may dismiss a prisoner who fails to pay the filing fee after the court inquires as to whether the prisoner is at fault for the nonpayment of the initial fee); *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002) (noting that a court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with orders of this court and for failure to pay the filing fee.

2. The clerk of court be directed to close this case file.

At Pensacola, Florida, this <u>26th</u> day of March, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**